UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

ASHLEY NETTYE, INC., and BERNARDO FASHIONS LLC,

    Plaintiff,

    -against-

CLOUDFLARE, INC., INTER CONNECTS INC., and JOHN DOES 1-5,

    Defendants.

------------------------------------------X

Civil Action No. 1:23-cv-02457

[PROPOSED]
**ORDER FOR PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY**

Plaintiffs Ashley Nettye, Inc. ("Ashley Nettye") and Bernardo Fashions LLC ("Bernardo") (collectively "Plaintiffs") moved *ex parte* against Defendants Inter Connects Inc., ("Inter Connects"), and John Does 1-5 ("John Does") for a Temporary Restraining Order, Order to Disable Certain Websites, Order Permitting Service by Electronic Mail and Website Submission, and Order to Show Cause for a Preliminary Injunction; and moved with notice to Defendant Cloudflare, Inc. for an Order to provide expedited discovery concerning Inter Connects and John Does 1-5 and the operation of two websites engaged in counterfeiting and fraud;

Plaintiff served Defendants Inter Connects, including the potentially affiliated entity Fiber Grid at ipadmin@fibergrid.co.za, and John Does 1-5, with the signed Order on May 17, 2023. *See* Declaration of Roma Patel, ECF No. 37.

Defendant Inter Connects, including the potentially affiliated entity, Fiber Grid at ipadmin@fibergrid.co.za, despite acknowledging service, defaulted in responding to the motion

on or before the May 24, 2023, deadline set by the Court. Defendants John Does 1-5 have also not filed answering papers.

The Parties attended a hearing before the Court on May 30, 2023, at which the TRO issued in this matter was extended until June 13, 2023, in anticipation of which Plaintiffs submitted a Reply in Support of Motion for Preliminary Injunction and Cloudflare submitted a letter objection to certain relief proposed in Plaintiffs' Motion.

Plaintiffs have filed herewith a supplemental status letter to the Court in support of this Order.

Now, the Court, having reviewed the Complaint, Memorandum of Law in support of the Order to Show Cause for a Preliminary Injunction, and supplemental briefing submitted by Cloudflare Inc. and Plaintiffs, and the supporting declarations and exhibits therewith finds that:

1. Plaintiffs have demonstrated a likelihood of success on the merits of their claim of trademark infringement under 15 U.S.C. § 1114, counterfeiting under 15 U.S.C. §§ 1114 and § 1116, and false designation of origin under 15 U.S.C. § 1125(a) against one or more of the Defendants, including Inter Connects, Inc., and the potentially affiliated entity Fiber Grid, and John Does 1-5 as the hosts, name servers, and/or operators of the websites www.bernardoouterwear.com and www.getbernardo.com ("the Infringing Websites");

2. In response to the Temporary Restraining Order, one or more of Defendants (Cloudflare, Inter Connects, including the potentially affiliated entity Fiber Grid, and/or Defendants John Does 1-5) have disabled access to the Infringing Websites;

3. None of the Defendants (Cloudflare, Inter Connects, including the potentially affiliated entity Fiber Grid, or Defendants John Does 1-5) has disputed that the Infringing

Websites have been engaged in trademark infringement under 15 U.S.C. § 1114, counterfeiting under 15 U.S.C. §§ 1114 and § 1116, and false designation of origin under 15 U.S.C. § 1125(a), and none has identified any potential irreparable harm or other injury from the injunctive relief requested herein that would warrant the posting of a bond;

4. Plaintiffs have shown that (a) they are likely to succeed on the merits, (b) the Infringing Websites are likely to cause irreparable injury in the absence of a preliminary injunction, (c) remedies available at law are inadequate to compensate for that injury, (d) the balance of hardships tips in Plaintiffs' favor, and (e) the public interest would not be disserved by the issuance of injunctive relief;

5. The only matter in dispute is the precise role played by each of the Defendants (Cloudflare, Inter Connects, including the potentially affiliated entity Fiber Grid, and/or Defendants John Does 1-5) and the resulting share of responsibility for the infringing and counterfeiting conduct at issue.

THEREFORE, IT IS HEREBY ORDERED, that Inter Connects and the potentially affiliated entity Fiber Grid, and John Does 1-5 and their affiliates, subsidiaries, parent companies, officers, directors, employees, servants, agents and attorneys, and all those acting in concert or active participation with Inter Connects and the potentially affiliated entity Fiber Grid, and John Does 1-5 directly or indirectly who receive notice of this Order, are hereby preliminarily enjoined and restrained from:

1. Providing any IP leasing, hosting, masking, DNS, CNS, pass-through security, or any other related services, free or otherwise, to the Infringing Websites that permits the sites to be visible to the public;

2. Directly or indirectly infringing, distributing, or otherwise making available to the public, in the United States, through the Infringing Websites, or any other similar domain, server, website, device, application, service, or process, any of the Plaintiffs' BERNARDO, B BERNARDO, BERNIE, and BERNARDO FASHIONS trademarks or from creating further confusion by mirroring the look and feel (including by copying images) of Plaintiffs' websites, which is used to promote Plaintiffs' genuine products;

3. Using, linking, transferring, selling, exercising control over, or otherwise owning any domain name that is used in connection with any Infringing Websites;

4. Creating, operating, owning, overseeing, or otherwise exercising control over any Infringing Websites embedding, incorporating, including, or otherwise displaying Plaintiffs' BERNARDO, B BERNARDO, BERNIE, and BERNARDO FASHIONS trademarks or any of Plaintiffs' promotional and advertising campaign images;

5. Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or services as Plaintiffs';

6. Manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying, or otherwise disposing of any products or packaging not authorized by Plaintiffs that bear any simulation, reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' BERNARDO, B BERNARDO, BERNIE, and BERNARDO FASHIONS trademarks.

IT IS FURTHER ORDERED that Cloudflare, and its affiliates, subsidiaries, parent companies, officers, directors, employees, servants, agents and attorneys, and all those acting in

concert or active participation with Cloudflare directly or indirectly who receive notice of this Order, are hereby preliminarily enjoined and restrained from:

1. Providing any services free or otherwise, to the Infringing Websites, including without limitation masking, DNS, CNS, pass-through security, reverse-proxy, or any other related services;

2. Within fourteen (14) days of the receipt of this Order, Cloudflare shall serve upon Plaintiffs' answers to the Interrogatories and attached hereto as **Exhibit A** and responses to the Requests for Production attached hereto as **Exhibit B**.

IT IS FINALLY ORDERED that Plaintiffs may complete service of this Order on Defendants by the following means, which Plaintiffs have demonstrated will provide adequate notice to Defendants pursuant to Fed. R. Civ. P. 4(f)(3): (1) by electronic mail, to the addresses set forth in **Exhibit C-1** of this Order; and (2) by website submission to the addresses set forth in **Exhibit C-2** of this Order. Defendants are hereby given further notice that Defendants shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by any Defendant in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

*[Handwritten: Plaintiff shall post security in the amount of $2500 no later than June 16, 2923. NRB]*

The Court shall retain jurisdiction over the parties and subject matter of this litigation for the purpose of interpretation and enforcement of this Order.

SO ORDERED.

Dated: June _13_, 2023
New York, New York

*[Signature]*
Hon. Naomi Reice Buchwald
United States District Court